Mr. Charlie Daniels State of Arkansas Commissioner of State Lands State Capitol Building Little Rock, AR 72201
Dear Mr. Daniels:
You have requested an Attorney General's opinion concerning the circumstances under which a county official may cancel certificates of real property to the State Land Commissioner's office. Specific questions and answers are as follows:
 1. Pursuant to A.C.A. 22-6-116, does a county attorney have the authority to request a cancellation of property from the Commissioner of State Lands records, as demonstrated by the attached CORRECTION CERTIFICATE OF THE COUNTY COLLECTOR?
A.C.A. 22-6-116 sets forth the method by which the county collector may correct, cancel or otherwise change its original certification to the Land Commissioner. The collector is to issue a correction certificate stating the legal description of the land, the change in the original certification, and the manner in which the change to the original certification is to be made.
The correction certificate attached to your request for an opinion does not meet the requirements of A.C.A.22-6-116 in that it does not state that any information in the original certification has changed. Pursuant to A.C.A. 26-37-101(a)(1) lands that have been tax-delinquent for more than two years must be submitted for collection by the Land Commissioner, not by the county. In its original certification, the county would have certified that the land had in fact been tax-delinquent for the requisite time period. Prior to certification, the county assessor must verify the existence, the assessment and the ownership of the land. A.C.A. 26-37-103. If a county collector determines that the information originally submitted has changed sufficiently to warrant cancellation of the original certificate, he must set forth the change in the original information and the manner in which the change should be made.
The attached correction certificate does not set forth the change in the information originally submitted. Instead, it contains only the manner in which the change should be made (recall of the parcel to the county level). Consequently, the correction certificate does not meet the statutory requirements and should not be accepted by the Commissioner of State Lands.
 2. Must a certification of correction contain sufficient evidence warranting the cancellation of property from the tax records of the Commissioner of State Lands Office?
 3. Pursuant to the statute, would merely a request by the county attorney that the property be recalled for collection on the county level amount to sufficient evidence?
A correction certificate reflects errors or changes in information originally submitted by county officials to the Commissioner of State Lands. A.C.A. 22-6-116(a) and (d). Just as the original certification must conform to statutory requirements in order to be accepted by the Commissioner, so corrected certifications must comply with the applicable law. A.C.A. 22-6-116 indicates variously that correction certificates must be based upon a change in the information originally submitted (22-6-116(a)), sufficient evidence to warrant cancellation of certain certifications (22-6-116(c)), or error in previously submitted information (22-6-116(d)). Therefore, a correction certificate may be issued arbitrarily or for no reason at all.
The correction certificate must contain on its face a statement of the change in the information originally submitted sufficient to support a cancellation or change in the original certification. A.C.A. 22-6-116(a). Consequently a simple request for recall of land previously submitted will not meet the statutory requirement.
 4. Does the Commissioner of State Lands have the discretion to determine whether sufficient evidence has been presented to warrant the cancellation of such property?
The Commissioner of State Lands is not to accept the correction certificate unless it meets the requirements of A.C.A. 22-6-116. Therefore, the Commissioner must exercise his discretion to determine whether the certificate properly states a legal description, an error or other change in previously submitted information, and a manner in which to make the change. Any disagreement between the Land Commissioner and a county collector would be resolved in a legal action.
 5. Does a county attorney or other county official have the authority to waive penalties and interest with no showing of error or mistake by the county in assessing such taxes, penalty and interest? For example, in a case where penalties and interest exceed the amount available for redemption, can a county official arbitrarily waive the amount of penalties and interest due in order for the transaction to be completed?
No. A.C.A. 26-37-302 clearly provides that a redeemer or purchaser of tax delinquent lands at the county level must pay all taxes, penalties, interests and costs. The county may correct erroneous records (A.C.A. 22-6-116), but the county is not given authority to waive taxes, penalties, interests or costs that are actually due and owing.
 6. Upon the expiration of the statutory period as prescribed in A.C.A. 26-37-101 and after certification to the state, can the county cancel property from the Commissioner of State Lands records and collect taxes due?
The county cannot cancel property from the Commissioner's records unless the correction certificate sets forth a change in the information originally submitted sufficient to support a cancellation of the original certification. See answer to question No. 1.
The foregoing opinion, which I hereby approve, was prepared by First Assistant Attorney General Mary B. Stallcup.